# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHAWN FEATHERS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. MIRANDA, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00090-DAD-SKO (PC)<br><br>FIRST SCREENING ORDER DENYING REQUEST FOR COUNSEL AND DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 11)<br><br>THIRTY-DAY DEADLINE |

## I. Screening Requirement and Standard

Plaintiff Mark Shawn Feathers, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), 29 U.S.C. § 794 (Rehabilitation Act), and state law on January 20, 2015. On March 5, 2015, pursuant to the order filed on January 22, 2015, Plaintiff filed a signed complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.   Discussion**

**A.   Summary of Allegations**

Plaintiff, an inmate at California Substance Abuse Treatment Facility and State Prison ("SATF"), has Schizoaffective Disorder, is morbidly obese, and has edema. Plaintiff alleges that he has qualifying disabilities under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), and that Defendants A. Miranda, Y. Welch, B. Peterson, S. Marsh, and J. Silva discriminated against him on the basis of his disability when they precluded him from eligibility for an IDA job (assistance-giver). Plaintiff alleges that the job position was created as part of the Clark Remedial Plan and it entails providing assistance to inmates with physical impairments affecting their daily living routine. Plaintiff alleges that he is qualified for the

position based on his job history and his obtainment of a GED while in prison, but Defendants refused to place him on the waiting list for the position solely because of his disabilities. In addition to violating the ADA and the RA, Plaintiff alleges that Defendants' actions violated his rights to equal protection and due process, constituted deliberate indifference, and violated his rights under state law.

### B. Claims

#### 1. ADA and RA Claims

Title II of the ADA and section 504 of the RA prohibit discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability," and "[t]o establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Lovell*, 303 F.3d at 1052.

At the pleading stage, Plaintiff's allegation that he was excluded from a job position he was otherwise qualified for solely because of his disability supports cognizable claims under the ADA and the RA. However, ADA and RA claims are brought against a public entity or the appropriate state official in his or her official capacity rather than against individuals in their personal capacities. *A.W. v. Jersey City Public Schools*, 486 F.3d 791, 804 (3d Cir. 2007); *Green v. City of New York*, 465 F.3d 65, 78-9 (2d Cir. 2006); *Garcia v. S.U.N.Y. Health Servs. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Abbott v. Rosenthal*, 2 F.Supp.3d 1139, 1144 (D.Idaho 2014); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Under the circumstances alleged, it appears that Stu Sherman, the warden of

SATF, is the appropriate defendant to be named in his official capacity.[1] *See Castle v. Eurofresh, Inc.*, 731 F.3d 901, 910-11 (9th Cir. 2013) ("Determining whether a modification is reasonable (or even required) is necessarily a fact-specific inquiry, requiring analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards.") (citation and internal quotation marks omitted). Plaintiff will be granted leave to amend to name the warden in his official capacity.

### 2. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Here, Plaintiff fails to allege any facts demonstrating that Defendants intentionally discriminated against him by treating him differently than other similarly situated individuals.

### 3. Due Process Claim

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. *Wilkinson*, 545 U.S. at 221 (quotation marks omitted). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of

---

[1] The individual defendants are three correctional officers, a facility captain, and an education employee. Official capacity claims cannot be brought against former state officials and permitting Plaintiff to proceed against the present five defendants in an official capacity will result in delay and confusion should any substitution of parties need to be made in the future. *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999). Given that the ADA and RA preclude discrimination by public entities and Plaintiff's claims involve decisions made at the institutional level, the institution's warden is the most appropriate official for purposes of this suit.

confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *Wilkinson*, 545 U.S. at 221(citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

The basis for Plaintiff's due process claim is unclear, and his complaint sets forth no allegations supporting a cognizable claim for denial of due process.  Plaintiff does not have a protected liberty interest at stake with respect to the processing of his inmate appeals or to any particular substantive determination on his appeals, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), and he does not have a protected property or liberty interest in a prison job, to the extent either of those theories underlies his claim, *Sandin*, 515 U.S. 472, 484 (1995); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1995).

### 4. **"Deliberate Indifference" Claim**

Plaintiff alleges deliberate indifference toward his rights.  However, deliberate indifference is a legal standard applicable to conditions of confinement claims brought under the Eighth Amendment's Cruel and Unusual Punishments Clause.  It is unclear if Plaintiff is attempting to pursue a separate Eighth Amendment claim but to the extent he is, he fails to state a claim.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g.*, *Farmer*

*v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, there are no facts supporting a viable claim against Defendants for acting with deliberate indifference to a substantial risk of serious harm to Plaintiff. Any allegation that denying Plaintiff the particular job position he sought violates the Eighth Amendment is frivolous. *See Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) ("Idleness and the lack of programs are not Eighth Amendment violations."), *abrogated on other grounds by Sandin*, 515 U.S. at 483-84.

### 5. State Law Claims

Finally, Plaintiff alleges negligence, and perhaps additional unspecified tort claims under California law. However, Plaintiff fails to demonstrate compliance with the Government Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[2] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. *Shirk*, 42 Cal.4th at 209; *Bodde*, 32 Cal.4th at 1239; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

### C. Request for Appointment of Counsel

In his amended complaint, Plaintiff requests the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560

---

[2] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

6

F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970.

### III.   Conclusion and Order

Plaintiff has stated cognizable ADA and RA claims, but he must amend to name the appropriate state official in his official capacity. Plaintiff's other claims for denial of equal protection and due process, "deliberate indifference," and violation of state law are not cognizable for the reasons set forth herein. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies he believes, in good faith, are curable. *Akhtar*, 698 F.3d at 1212-13; *Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed under the theory of mere *respondeat*

*superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel is denied;
2. Plaintiff's amended complaint is dismissed, with leave to amend;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
5. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, without prejudice as to the ADA and RA claims and with prejudice as to the other claims.

IT IS SO ORDERED.

Dated:   **December 28, 2015**                    **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE

8