1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHAWN FEATHERS, | Case No. 1:15-cv-00090-DAD-SKO (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS FOR PLAINTIFF TO PROCEED ON COGNIZABLE ADA and RA CLAIMS AGAINST WARDEN SHERMAN IN HIS OFFICIAL CAPACITY AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED** |
| v. | |
| MIRANDA, et al., | |
| Defendants. | |
| | **(Doc. 1)** |
| | **TWENTY-ONE (21) DAY DEADLINE** |

<u>**FINDINGS**</u>

**A.      Background**

Plaintiff, Mark Shawn Feathers, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**B.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed

1

per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### C.      Summary of the Complaint

Plaintiff, an inmate at California Substance Abuse Treatment Facility and State Prison ("SATF"), has Schizoaffective Disorder, is morbidly obese, and has edema.  Plaintiff alleges that he has qualifying disabilities under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), and that the Defendants discriminated against him on the basis of his disability when they precluded him from eligibility for an "IDA job" as an "assistance-giver." Plaintiff alleges that this position was created as part of the Clark Remedial Plan which entails providing assistance to inmates with physical impairments affecting their daily living routine. Plaintiff alleges that he qualified for the position based on his job history and because he obtained a GED while in prison, but Defendants refused to place him on the waiting list for the position solely because of his disabilities.  Plaintiff alleges that Defendants' actions also violated his rights to equal protection.

### D.      Pleading Requirements

#### 1.   Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal.  A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity.  Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal*, at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit*

3

*Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

## DISCUSSION

### A.    Plaintiff's Claims

#### 1.    ADA and RA Claims

Title II of the ADA and section 504 of the RA prohibit discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability," and "[t]o establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Lovell*, 303 F.3d at 1052.

At the pleading stage, Plaintiff's allegation, that he was excluded from a job position for which he was otherwise qualified solely because of his disability, supports cognizable claims under the ADA and the RA. However, as stated in the prior screening order, ADA and RA claims are brought against a public entity or the appropriate state official in his or her official capacity

4

rather than against individuals in their personal capacities.  *A.W. v. Jersey City Public Schools*, 486 F.3d 791, 804 (3d Cir. 2007); *Green v. City of New York*, 465 F.3d 65, 78-9 (2d Cir. 2006); *Garcia v. S.U.N.Y. Health Servs. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Abbott v. Rosenthal*, 2 F.Supp.3d 1139, 1144 (D.Idaho 2014); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005).  Under the circumstances alleged, it appears that Stu Sherman, the Warden of SATF, is the only appropriate defendant to be named in his official capacity.[1]  *See Castle v. Eurofresh, Inc.*, 731 F.3d 901, 910-11 (9th Cir. 2013) ("Determining whether a modification is reasonable (or even required) is necessarily a fact-specific inquiry, requiring analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards.") (citation and internal quotation marks omitted).  Plaintiff has thus stated a cognizable claim under the ADA and RA against Warden Stu Sherman in his official capacity.  Plaintiff's allegations against all of the other Defendants for violation of the ADA and RA are not cognizable.

### 2.    Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Despite previously having been given these precise standards, Plaintiff fails to allege any facts demonstrating that he was intentionally discriminated against and treated differently than other similarly situated individuals.  All such claims should be dismissed.

---

[1] The other individual defendants are three facility captains, four Correctional Counselors, an Associate Warden, two physicians, and three instructors who are part of the education staff.  (*See* Doc. 16, p. 5.)  Given that the ADA and RA preclude discrimination by public entities and Plaintiff's claims involve decisions made at the institutional level, the institution's warden is the most appropriate official for purposes of this suit.

### 3.     Inmate Appeals Processing

Plaintiff appears to grieve the processing and reviewing of his 602 inmate appeals by a number of the Defendants.  (*See* Doc. 16, pp. 6-7.)  However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability in a § 1983 action.  *Buckley*, 997 F.2d at 495.  The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct.  "Only persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).  Yet, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (2011).

However, as discussed above, Warden Stu Sherman is the only proper Defendant for an official capacity claim under the ADA and the RA.  Thus, all other Defendants are properly dismissed.

### 4.     *Clark v. California* Remedial Plan

Plaintiff contends that Defendants fail to comply with the remedial plan in *Clark v.*

*California.*[2]  Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter.  *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir.1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc).  "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action."  *Id.*  Any asserted requests for injunctive relief are therefore dismissed.  If Plaintiff desires to challenge a perceived failure to comply with the order in *Clark*, he may contact the plaintiff's class counsel.

## **RECOMMENDATION**

Plaintiff states a cognizable claim against Warden Stu Sherman, in his official capacity, for violation of the ADA and the RA.  However, the deficiencies as to all of Plaintiff's other claims against Warden Sherman and any other named Defendant(s) are not capable of being cured through amendment which makes leave to amend futile.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff be allowed to proceed on his claim under the Americans with Disabilities Act and the Rehabilitation Act against Warden Sherman in his official capacity and that all other claims and defendants be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391,

[2] The Court assumes Plaintiff is referring to the rulings under *Clark v. California,* No. C 96-1486 CRB, a class action concerning protection for prisoners with Developmental disabilities providing protection from discrimination on the basis of their disability.

1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 3, 2017**                              /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

8