UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHAWN FEATHERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIRANDA, et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-00090-DAD-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>(Doc. Nos. 16, 17) |

Plaintiff, Mark Shawn Feathers, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

In his second amended complaint, plaintiff alleges generally that the named defendants "participated in years of discrimination against" him. (Doc. No. 16 at 8-11.) On February 3, 2017, the magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations, recommending that plaintiff be allowed to proceed with his claim under the Americans with Disabilities Act and the Rehabilitation Act against defendant Warden Sherman in his official capacity and that all other claims and defendants be dismissed with prejudice. (Doc. No. 17 at 7.) The findings and recommendations were served that same day and allowed twenty-one days for plaintiff to file objections. (*Id.*) Plaintiff filed objections to the

findings and recommendations on February 27, 2017. (Doc. No. 18.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including the objections filed by plaintiff, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The magistrate judge correctly noted in the latest screening order that plaintiff had failed to allege in his second amended complaint sufficient facts demonstrating "that he was intentionally discriminated against and treated differently than other similarly situated individuals." (Doc. No. 17 at 5.) Accordingly, the magistrate judge recommended that plaintiff's equal protection claims be dismissed with prejudice. (*Id.* at 7.) In his objection to the magistrate judge's findings and recommendations, plaintiff appears to request that the court open discovery with respect to his Equal Protection claims, suggesting an "investigative remedy, as this court can do" in order "to review the [a]pplications for 'IDA jobs.'" (Doc. No. 18 at 2.) Alternatively, plaintiff requests that the court itself review the records of similarly situated inmates. (*Id.*) The Supreme Court has held that a plaintiff whose "complaint is deficient under Rule 8" is "not entitled to discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Accordingly, this court denies plaintiff's requests to (1) open discovery; and (2) review such records on its own accord as such a request is improper.

For the reasons set forth above:

1. The February 3, 2017 findings and recommendations (Doc. No. 17) are adopted in full;
2. This action shall proceed on plaintiff's second amended complaint on his claim brought under the Americans with Disabilities Act and the Rehabilitation Act against Warden Stu Sherman, in his official capacity;

/////

/////

/////

/////

3. All of plaintiff's other claims against all named defendants other than Warden Stu Sherman are dismissed without leave to amend; and

4. The action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**August 15, 2017**__         _____
                                        UNITED STATES DISTRICT JUDGE