UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHAWN FEATHERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN STU SHERMAN,<br><br>　　　　Defendant. | No. 1:15-cv-00090-DAD-SKO<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 24, 32) |

Plaintiff Mark Shawn Feathers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 27, 2018, the assigned magistrate judge issued findings and recommendations (Doc. No. 32), recommending that defendant's motion to dismiss (Doc. No. 24) be granted in part. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one days after service. (Doc. No. 32.) On July 18, 2018, defendant filed objections in which they argue that the magistrate judge erred in recommending dismissal of plaintiff's claims based upon a May 8, 2012 UCC hearing for failure to exhaust administrative remedies prior to filing suit with leave to amend as opposed to with prejudice. (Doc. No. 35.) On July 27, 2018, plaintiff filed a notice entitled "Objections to Magistrate Judge's Findings and Recommendations," but stated therein that he does not object to the findings

1

| | |
|---|---|
| 1 | and recommendations. (Doc. No. 36.) |
| 2 | In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this |
| 3 | court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, |
| 4 | including defendant's objections, the court finds the findings and recommendations to be |
| 5 | supported by the record and by proper analysis, save and except as discussed below. |
| 6 | As discussed in the findings and recommendations, exhaustion of administrative remedies |
| 7 | is generally an issue to be addressed by way of a summary judgment motion rather than by way |
| 8 | of motion to dismiss. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Dismissal under |
| 9 | Rule 12(b)(6) for failure to exhaust administrative remedies is appropriate only in "the rare event |
| 10 | that a failure to exhaust is clear on the face of the complaint." *Id.* Defendant contends in his |
| 11 | motion to dismiss that this is such a rare event where dismissal for failure to exhaust prior to |
| 12 | filing suit is appropriate. |
| 13 | As described in the pending findings and recommendations, the relevant allegations of |
| 14 | plaintiff's complaint are as follows. Plaintiff, who is housed at the California Substance Abuse |
| 15 | Treatment Facility and State Prison, had sought to become an ADA caregiver. (Doc. No. 32 at 4.) |
| 16 | To that end, on May 8, 2012, plaintiff asked his Unit Classification Committee ("UCC") to permit |
| 17 | him to work in the caregiver program, but the request was denied after the UCC determined that |
| 18 | plaintiff would not be able to complete all the job expectations of that position. (*Id.*) Plaintiff |
| 19 | filed an inmate appeal of this decision in early 2013, but that appeal was rejected due to plaintiff |
| 20 | having failed to attach necessary supporting documents, including a CDCR Form 22, to his |
| 21 | inmate appeal. (*See* Doc. No. 16 ("SAC") at 32, 33.) Thereafter, on March 3, 2013, plaintiff |
| 22 | submitted a Form 22 to Counselor Miranda, which was received on March 4, 2013. (SAC at 36; |
| 23 | Doc. No. 32 at 11.) Counselor Miranda responded on March 7, 2013, rejecting plaintiff's request |
| 24 | to become a caregiver. (SAC at 36; Doc. No. 32 at 11.) |
| 25 | Plaintiff's next step in the administrative exhaustion process was to submit the Form 22 to |
| 26 | a supervisor for review. *See* Cal. Code Regs., tit. 15, § 3086(g). Defendant argues that plaintiff |
| 27 | never submitted the Form 22 to a supervisor, because "[i]f he had done so, Plaintiff would have |
| 28 | received the supervisor's response within seven days." (Doc. No. 24-1 at 9.) The assigned |

magistrate judge accepted defendant's speculative conclusion, stating in the findings and recommendations that plaintiff "did not apparently pursue [his appeal] through Supervisor Review as required." (Doc. No. 32 at 12.) However, having reviewed the allegations of plaintiff's complaint and the exhibits attached thereto, the undersigned cannot conclude that this is a rare case where the failure to exhaust is "clear on the face of the complaint." *Albino*, 747 F.3d at 1166. Nowhere in the SAC is it alleged that plaintiff did not submit his Form 22 to a supervisor, nor does the SAC state that plaintiff otherwise failed to exhaust his administrative remedies. To the contrary, plaintiff specifically alleges that he did exhaust his administrative remedies. (SAC at 2.) Nonetheless, defendant contends that this allegation is contradicted by the Form 22 attached to the SAC, because of which the allegation of exhaustion is not entitled to the presumption of truth. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir. 2001) (noting that courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"). The Form 22 attached to the SAC contains a section for "Supervisor Review," which is blank. (SAC at 36.) From this exhibit, defendant apparently concludes that the Form 22 was never submitted to a supervisor. (*See* Doc. No. 24-1 at 9.) This conclusion is not necessarily warranted. It is plausible that later in time this Form 22 was filled out and submitted to a supervisor, and that plaintiff simply did not attach that later version to his complaint. Certainly, plaintiff is under no obligation to attach a full and accurate version of the entire administrative record to his complaint. In this case, as in all but the rare case, whether plaintiff properly exhausted his administrative remedies is a matter to be determined on motion for summary judgment where the facts and evidence with respect to exhaustion of administrative remedies can be fully developed.

The findings and recommendations are adopted in all other respects.

Accordingly,

1. The findings and recommendations issued June 27, 2018 (Doc. No. 32) are adopted in full, except as described above;

2. Plaintiff's claim for monetary damages against Warden Sherman in his official capacity under the ADA is dismissed. Plaintiff is granted leave to amend to show

|   |     |                                                                                     |
|---|-----|-------------------------------------------------------------------------------------|
|   |     | discriminatory intent and add claims for compensatory damages against CDCR and/or SATF; |
|   | 3.  | Plaintiff's injunctive relief claims under the ADA and the RA are dismissed as moot; |
|   | 4.  | Plaintiff's request for injunctive relief based on events that occurred at SATF is dismissed; |
|   | 5.  | Plaintiff may proceed on his claims based on the events of the May 8, 2012 UCC Hearing[1]; |
|   | 6.  | Defendant's motion to dismiss plaintiff's claim under the RA for failure to state a cognizable claim (Doc. No. 24) is denied; |
|   | 7.  | Within twenty-one (21) days from the date of service of this order, plaintiff shall file a third amended complaint, consistent with this order, or a notice of voluntary dismissal; and |
|   | 8.  | Plaintiff's failure to file either a third amended complaint or a notice of voluntary dismissal within the time allowed will result in dismissal of this action for failure to obey the court's order. |

IT IS SO ORDERED.

Dated: **September 13, 2018**  
_____  
UNITED STATES DISTRICT JUDGE

---

[1] The undersigned is cognizant that plaintiff has indicated he has no objections to the pending findings and recommendations. If plaintiff is aware that he did not provide the Form 22 with respect to his inmate appeal from the UCC's decision to a supervisor and therefore failed to properly exhaust his administrative remedies on that claim prior to filing suit as is required, he is encouraged to promptly voluntarily dismiss that claim so that unnecessary time and resources are not devoted to exploring that issue on an early motion for summary judgment filed by defendants.