# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHAWN FEATHERS,<br><br>Plaintiff,<br><br>v.<br><br>STU SHERMAN,<br><br>Defendant. | Case No. 1:15-cv-00090-DAD-SKO (PC)<br><br>**ORDER SCREENING THIRD AMENDED COMPLAINT and FINDING CLAIM UNDER THE REHABILITATON ACT COGNIZABLE**<br><br>**(Doc. 41)** |

## BACKGROUND

Plaintiff, Mark Shawn Feathers, is a state prisoner, proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff was initially allowed to proceed on the Second Amended Complaint (Doc. 16) claim under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") against Warden Stu Sherman. (Doc. 19.) Defendant filed a motion to dismiss which was granted in part. (Docs. 24, 32, 38.) Plaintiff's claim for monetary damages against Warden Sherman in his official capacity under the ADA, for injunctive relief under the ADA and the RA, and for injunctive relief based on events that occurred at SATF were dismissed. (Doc. 38.) Plaintiff was granted leave to amend to show discriminatory intent and to add claims for compensatory damages against CDCR and/or SATF under the ADA; to amend claims based on the events of the May 8, 2012 UCC Hearing[1]; and to proceed on his claim for damages under the RA. (*Id.*)

---
[1] Plaintiff was cautioned to voluntarily dismiss any claims if he did not submit the Form 22 with respect to his inmate appeal from the UCC's decision to a supervisor as he would have failed to properly exhaust his administrative remedies on that claim before filing suit as required by 42 U.S.C. § 1997e(a). (Doc. 38, p. 4, n. 1.)

1

On October 18, 2018, Plaintiff filed the Third Amended Complaint ("TAC") which is before the Court for screening. For the reasons discussed below, the Court finds Plaintiff's claim under the RA, which is the only claim raised in the TAC, cognizable.

## DISCUSSION

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Summary of the TAC

At all times relevant, Plaintiff was identified as an inmate in the Developmental Disability Program (DDP) at the level of DDP, which means he can function successfully in a General Population (GP) setting in a designated DDP institution. Plaintiff requested to work in the caregiver program on May 8, 2012, when he appeared before the Unit Classification Committee ("UCC") for his annual review. On May 9, 2012, the UCC denied this request, concluding that Plaintiff would not be able to complete the job requirements of a caregiver.

On March 30, 2014, Plaintiff filed a CDCR 1824 Reasonable Accommodation Request

form alleging discrimination by the UCC for denying him the caregiver job. On May 9, 2014, Plaintiff's request was denied at the First Level because Plaintiff's GPL is 8.2, and the caregiver position requires a minimum GPL of 9.0. Plaintiff appealed to the Second Level; Defendant Warden Sherman granted Plaintiff's request because Plaintiff had a verified high school diploma or GED. Defendant indicated a modification order would issue for Plaintiff to return to the UCC for review and placement on the caregiver wait list.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

**D.  Plaintiff's RA Claim**

Section 504 of the RA prohibit discrimination based on disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of § 504 of the RA, a plaintiff must show that [he or she] (1) is handicapped within the meaning of the RA; (2) is otherwise qualified for the benefit or services sought; (3) was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Lovell*, 303 F.3d at 1052. Leniently construed, Plaintiff's allegation that he was excluded from a job position for which he was otherwise qualified, solely because of his

4

disability, supports cognizable claims under the RA.

Claims under the RA are brought against a public entity or the appropriate state official in his or her official capacity rather than against individuals in their personal capacities. *A.W. v. Jersey City Public Schools*, 486 F.3d 791, 804 (3d Cir. 2007); *Green v. City of New York*, 465 F.3d 65, 78-9 (2d Cir. 2006); *Garcia v. S.U.N.Y. Health Servs. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Abbott v. Rosenthal*, 2 F.Supp.3d 1139, 1144 (D.Idaho 2014); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Under the circumstances alleged, it appears that Stu Sherman, the Warden of SATF, is the appropriate defendant to be named in his official capacity. *See Castle v. Eurofresh, Inc.*, 731 F.3d 901, 910-11 (9th Cir. 2013) ("Determining whether a modification is reasonable (or even required) is necessarily a fact-specific inquiry, requiring analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards.") (citation and internal quotation marks omitted). Plaintiff may proceed on this claim against Defendant Warden Stu Sherman who Plaintiff has correctly named in his official capacity.

## **CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff states a cognizable claim in the Third Amended Complaint on which may proceed under the Rehabilitation Act against Defendant Warden Stu Sherman in his official capacity; and
2. in the event the case is not resolved at the settlement conference currently scheduled for February 24, 2019, Defendant's time to file a response to the Third Amended Complaint is extended to March 28, 2019.

IT IS SO ORDERED.

Dated: **January 10, 2019**         /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE